## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Joe V. Garza, | Case No. 4: 20 CV 2130 |
| **Plaintiff,** | |
| -vs- | JUDGE PAMELA A. BARKER |
| Warden Mark Williams, | MEMORANDUM OPINION AND ORDER |
| **Defendant.** | |

*Pro se* Petitioner Joe V. Garza, a federal inmate incarcerated at Federal Correctional Institution Elkton ("Elkton"), has filed a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (Doc. No. 1.) Petitioner seeks release to home confinement on the basis that Respondent is failing to provide him adequate protection from the COVID-19 virus in violation of his rights under the Eighth Amendment.

Promptly after the filing of a *habeas corpus* petition, a federal district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing *Habeas Corpus* Cases Under Section 2254 (applicable to petitions under § 2241 pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. *See Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" *habeas corpus* petitions that lack of merit on their face). No response is necessary when a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Id.*

Upon review, the Court finds that the Petition must be dismissed.

Prison conditions are subject to constitutional scrutiny under the Eighth Amendment, but in order to make out a claim, a prisoner must demonstrate both objective and subjective components. *Wilson v. Williams*, 961 F.3d 829, 839 (6th Cir. 2020).  He must show that he was subjected to an objectively serious prison condition as to which a defendant prison official acted with subjective "deliberate indifference."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  The subjective component of a claim requires a prisoner to show that a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Id*. at 847.  An official may not be held liable if he responded reasonably to a known risk, even if the harm ultimately was not averted.  *Id*. at 826.

In *Wilson*, the Sixth Circuit examined the conditions at Elkton in the context of a § 2241 action and concluded that a class of medically-vulnerable inmates was not likely to succeed on the merits of an Eighth Amendment claim based on COVID-19 circumstances.  961 F.3d at 844.  The Sixth Circuit held that the Bureau of Prisons ("BOP") "responded reasonably to the known, serious risks posed by COVID-19 to petitioners at Elkton," and, therefore, the inmates could not demonstrate the required subjective element of a deliberate indifference claim.  *Id.* at 840.  The Court found that the BOP's "failure to make robust use of transfer, home confinement, or furlough" -- as Petitioner seeks here -- for prisoners at Elkton, including medically vulnerable inmates, did not constitute deliberate indifference within the meaning of the Eighth Amendment "in light of the BOP's other measures to prevent the spread of COVID-19, and given the limitations on the BOP's authority to release inmates."  *Id.* at 844.  The Court also found that the district court abused its discretion in granting a preliminary injunction without addressing the BOP's "legitimate concerns about public safety"

2

regarding whether inmates could care for themselves upon release, and whether they presented a substantial risk to the general public without assurance they could do so. *Id*. at 845.

In light of the Sixth Circuit's decision in *Wilson*, this Petition, which asserts the same claim related to the conditions at Elkton, lacks merit on its face. The Sixth Circuit has already considered an essential element of Petitioner's claim based on the same allegations relating to COVID-19 and published an opinion holding that the Respondent would likely prevail; therefore, the instant Petition does not allege a colorable claim.

### Conclusion

Accordingly, the Petition is dismissed pursuant to Rule 4 of the Rules Governing *Habeas Corpus* Cases. This dismissal is without prejudice to re-filing in the event of a final judgment in *Wilson*, or other binding authority in this Circuit, suggesting a colorable claim. The Court further certifies that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: October 19, 2020

*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE